UNITED STATES DISTRCIT COURT
SOUTHERN DISTRCIT OF INDIANA
TERRE HAUTE DIVISION
2021 TERM

| | |
|---|---|
| LYNNE HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-00043-JRS-DLP |
| | ) |
| Paul Harden, Individually and | ) |
| as Sheriff of Clay County, Indiana, | ) |
| & | ) |
| Clay County, | ) |
| & | ) |
| Quality Correctional Care, LLC. | ) |
| | ) |
| | ) |
| | ) |
| Defendants, | ) |

**FIRST AMENDED COMPLAINT**

**JURISDICTIONAL FACTS AND GROUNDS**

Comes now Plaintiff, Lynne Holt, by counsel Paul Jungers and Brock Dalton, her attorneys of record, and for claim against the Defendants, alleges and says:

1. Plaintiff, Lynne Holt ("Holt") is and was a resident and citizen of Clay County, Indiana, on the date this cause of action accrued.

2. The defendant, Paul Harden ("Harden") is the duly elected and acting Sheriff of Clay County, Indiana and is the person responsible for the overall welfare and medical care of persons incarcerated in the Clay County Jail in Brazil, Indiana.

3. The Defendant County, Clay County, is the legal entity responsible for

1

itself and for the Clay County Sheriff's Department. This Defendant is also the employer of the individual Defendant as well as employees of the Clay County jail and is a proper entity to be sued under 42 U.S.C. § 1983.

4. The defendant, Quality Correctional Care, LLC, is contracted through the Clay County Jail to provide medical services to its inmates. Quality Correctional Care is incorporated in the State of Indiana and their principal office location is located at 707 W University Ave, Muncie, IN 47303 and/or 12900 N Meridian, St, Suite 140, Carmel, IN, 46032. Quality Correctional provides medical care to jailed inmates on behalf of several correctional facilities throughout the state on Indiana.

5. This matter involves the deliberate indifference to decedent's health or safety in the willful and intentional failure of the defendants to provide medical care and treatment to the decedent while incarcerated under the jurisdiction and control of the defendants as well as the negligence of the Clay County Sheriff's Department for its failure to safely transport Plaintiff Holt to court or to properly address her subsequent injuries.

## **BACKGROUND FACTS**

6. The Plaintiff was held as an inmate at the Clay County Justice Center (the "CCJC") under the authority of the Clay County Sheriff between the approximate period of November 20, 2018 through January 18, 2019.

7. On December 26, 2018, Holt was given the improper size of footwear to be worn while being walked over to court. Holt was also handcuffed to a chain around her waist that made it impossible to raise her hands and protect herself from her fall. While being escorted by a jail officer out of the nearby Clay County courthouse and back toward the CCJC, the Plaintiff fell face-first down a set of exterior courthouse stairs and struck her head and face on the stairs.

8. The Plaintiff suffered pain and swelling of the right eye and surrounding face area thereafter and was wholly unable to use her right eye.

9. Defendant Quality Correctional Care, LLC was responsible for the Plaintiff's medical care while she continued to be held as an inmate in the CCJC during the aforesaid period.

10. The Plaintiff's condition steadily worsened, but little meaningful medical care and attention were given by Defendant Quality Correctional Care while the Plaintiff remained incarcerated and the Plaintiff's constant requests for transport to an emergency care hospital were either denied or ignored by the correctional officers and medical providers on site.

11. The Plaintiff was taken to the XYZ Medical Provider emergency department in Terre Haute, Indiana on December 28, 2018, purportedly for an examination regarding chest pains that had begun after the above-described fall (Note: the Plaintiff had an unrelated, preexisting heart condition of which Defendant County, Defendant Sheriff and Defendant Quality Correctional Care had been aware).

12. A CT scan of the Plaintiff's right eye area was also performed by XYZ Medical Provider during this emergency department visit, which indicated that no fractures were observed; however, no specific plan of treatment was recommended for care of the Plaintiff's facial injuries and eye swelling.

13. After her condition continued to worsen and her requests for medical condition continued to go unaddressed by the Defendants. On January 2, 2019, the Plaintiff was again transported by the jail to the XYZ Medical Provider emergency department in Terre Haute, Indiana, after which the attending physician in said department immediately decided to transfer the Plaintiff to IU Health Hospital in Indianapolis, Indiana, due to suspected infection in the area of the right eye.

14. The Plaintiff was admitted to IU Health Hospital on January 3, 2019, where she was diagnosed with necrotizing fasciitis of the right periorbita and orbital cellulitis with orbital abscess and provided with various life-saving surgical procedures and medical care.

15. The Defendants were deliberately indifferent to the Plaintiff's serious medical needs.

16. The medical care and treatment provided by the Defendants Medical Providers to the Plaintiff was below the appropriate and required level of care and the Defendants' conduct constitutes negligence and medical malpractice.

17. As a direct and proximate result of the aforesaid negligence and medical malpractice of the Defendants, the Plaintiff was injured and damaged, incurred medical expenses, suffered permanent injury and disfigurement, completely lost the ability to use her right eye and continues to suffer from other intangible damages.

## COUNT I-8th AMENDMENT

18. Based on the foregoing facts, The Plaintiff was denied or delayed medical care for her eye and suffered cruel and unusual physical and mental treatment, ultimately causing her the effective use of her eye.

19. Holt's medical condition was an objectively serious condition and the failure of the defendants to treat these conditions and to respond to Holt's injuries constituted the infliction of unnecessary and wanton infliction of pain and resulted in the lose of use of her eye than it would have been with appropriate medical care required.

20. By willfully ignoring Holt's request for proper medical care and treatment, the defendants acted with deliberate indifference and violated the decedent's right to be free from cruel and unusual treatment under the Eighth Amendment to the United States Constitution.

Wherefore, Plaintiff prays for judgment against the defendants in a sum sufficient to fully and fairly compensate the plaintiff for the Plaintiff's injuries and damages, for attorneys' fees and the costs of the action.

### COUNT 2-42 U.S.C. 1983

21. Plaintiff incorporates by reference the allegations contained in rhetorical paragraphs 1-20 of this Complaint.

22. The defendants, in holding the Plaintiff in confinement pursuant to the laws of the State of Indiana and the orders of the Clay County Court, were acting under color of law and violated the decedent's right to due process of law under the Fourteenth Amendment to the United states Constitution and she is entitled to relief pursuant to 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays for judgment against the Defendants for maximum compensatory damages allowed by statute, for attorneys' fees, for the costs of the action and for all other appropriate relief.

## COUNT 3-STATE LAW NEGLIGENCE CLAIM

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-22 of this Complaint.

24.     The defendants were under a duty to provide medical care and services to the decedent while she was incarcerated and being held in their custody and their actions and inactions in failing to do so constitute negligence and the breach of such duty.

25. In addition to the failure to address her serious medical needs after she was injured Plaintiff is also alleging the Defendant County and Defendant Sheriff were negligent by giving Holt the wrong size of footwear causing her fall and for cuffing her in a manner that did not allow for her to put her hands up and stop her fall.

26.     As a direct and proximate result of the above-described breach, the Plaintiff was injured and damaged, incurred additional medical expense and costs, suffered pain and disfigurement and was further mentally and physically injured and permanently impaired.

   Wherefore, Plaintiff prays for judgment against the Defendants for compensatory damages in an amount adequate to fully and fairly compensate the Plaintiff for the decedent's injuries, for the costs of the action and for all other appropriate relief.

DATED: _____04/09/2021_____

                                                    Respectfully submitted,

                                                    _____/s/ Brock Dalton_____
                                                    Brock E. Dalton #29882-49
/s/ Paul J. Jungers                            Dalton Law Office
Paul J. Jungers, Atty. No. 29672-84      1605 E. National Ave.
                                                    Brazil, IN 47834
                                                    Phone: (812) 420-2828
                                                    Fax: (812) 448-2313
                                                    ClayCountyLawyer@gmail.com

                                                    By: /s/ Paul J. Jungers
                                                    Paul J. Jungers, #29672-84
                                                    THE JUNGERS LAW FIRM
                                                    203 4th Ave S, Suite 6
                                                    Franklin, TN 37064
                                                    (812) 235-8900
                                                    paul@jungerslawfirm.com

## **REQUEST FOR TRIAL BY JURY**

      Plaintiff hereby requests trial by jury of all issues properly triable by a jury in the above cause.

                                                            _/s/ Brock Dalton_____

Brock Dalton,<br>
Atty. No. 29883-49